IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MEDIPLEX OF MASSACHUSETTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PARK, MARION AND VERNON, STREETS OPERATING COMPANY, LLC, <br> Defendant. | Case No. 04-10903 (RCL) |

## ANSWER

The defendant, Park, Marion and Vernon Streets Operating Company, LLC ("Park Marion") by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 8, answers the Complaint as follows:

### PARTIES

1. Park Marion denies the allegations contained in paragraph "1" of the Complaint because it lacks knowledge or information sufficient to form a belief as to their truth.

2. Park Marion admits the allegations contained in paragraph "2" of the Complaint.

### FACTS

3. Park Marion admits the allegations contained in paragraph "3" of the Complaint.

4.  Park Marion admits the allegations contained in paragraph "4" of the Complaint.

5.  Park Marion admits the allegations contained in paragraph "5" of the Complaint.

6.  Park Marion admits that on February 4, 2002, the Bankruptcy Court "so ordered" a Supplemental Stipulation (the "Supplemental Stipulation"), avers that the Supplemental Stipulation speaks for itself, and otherwise denies the allegations contained in paragraph "6" of the Complaint to the extent they constitute characterizations of the document that differ from its terms.

7.  Park Marion avers that Operations Transfer Agreement (the "OTA") referred to therein speaks for itself and otherwise denies the allegations contained in paragraph "7" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

8.  Park Marion avers that the OTA speaks for itself and otherwise denies the allegations contained in paragraph "8" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

9.  Park Marion avers that the OTA speaks for itself and otherwise denies the allegations contained in paragraph "9" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

10. Park Marion avers that the OTA speaks for itself and otherwise denies the allegations contained in paragraph "10" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

11. Park Marion avers that the OTA speaks for itself and otherwise denies the allegations contained in paragraph "11" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

12. Park Marion avers that the OTA speaks for itself and otherwise denies the allegations contained in paragraph "12" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

13. Park Marion avers that the OTA speaks for itself and otherwise denies the allegations contained in paragraph "13" of the Complaint to the extent that they constitute characterizations of the document that differ from its terms.

14. Park Marion denies the allegations contained in paragraph "14" of the Complaint because it lacks sufficient knowledge to form a belief about the truth of those allegations.

15. Park Marion denies the allegations contained in paragraph "15" of the Complaint.

## COUNT I
### (Breach of Contract)

16. Park Marion repeats and incorporates by reference its responses to paragraphs 1 through 15 of the Complaint as if fully restated herein.

17. Park Marion denies the allegations contained in paragraph "17" of the Complaint.

18. Park Marion denies the allegations contained in paragraph "18" of the Complaint.

## COUNT II
### (Conversion)

19.  Park Marion repeats and incorporates by reference its responses to paragraphs 1 through 18 of the Complaint as if fully restated herein.

20.  Park Marion avers that the OTA speaks for itself and otherwise denies the allegations contained in paragraph "20" of the Complaint to the extent they constitute characterizations of the document that differ from its terms.

21.  Park Marion denies the allegations contained in paragraph "21" of the Complaint.

22.  Park Marion denies the allegations contained in paragraph "22" of the Complaint.

23.  Park Marion denies the allegations contained in paragraph "23" of the Complaint.

## COUNT III
### (Constructive Trust)

24.  Park Marion repeats and incorporates by reference its responses to paragraphs 1 through 23 of the Complaint as if fully restated herein.

25.  Park Marion denies the allegations contained in paragraph "25" of the Complaint.

26.  Park Marion denies the allegations contained in paragraph "26" of the Complaint because they state a conclusion of law to which no response is required.

## COUNT IV
### (Money Had and Received)

27.  Park Marion repeats and incorporates by reference its responses to paragraphs 1 through 26 of the Complaint as if fully restated herein.

28. Park Marion denies the allegations contained in paragraph "28" of the Complaint.

29. Park Marion denies the allegations contained in paragraph "29" of the Complaint.

30. Park Marion denies the allegations contained in paragraph "30" of the Complaint.

## COUNT V
### (M.G.L. c. 93A)

31. Park Marion repeats and incorporates by reference its responses to paragraphs 1 through 30 of the Complaint as if fully restated herein.

32. Park Marion denies the allegations contained in paragraph "32" of the Complaint.

33. Park Marion denies the allegations contained in paragraph "33" of the Complaint.

34. Park Marion denies the allegations contained in paragraph "34" of the Complaint.

## COUNT VI
### (Accounting)

35. Park Marion repeats and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as if fully restated herein.

36. Park Marion denies the allegations contained in paragraph "36" of the Complaint.

37. Park Marion denies the allegations contained in paragraph "37" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

On or about April 21, 2003, the Debtors in the matter captioned *In re Sun Health Care Group, Inc.*, Case No. 99-3657 (JKF) (Bankr. D. Del.), entered into an agreement titled STIPULATION AND ORDER RE RESOLUTION OF "MOTION OF THCI COMPANY, LLC TO ENFORCE STIPULATION AND ORDER FOR EMERGENCY RELIEF" [DOCKET NO. 8320]. As part of that agreement, the Debtors compromised, waived, and released claims asserted by the Plaintiff in the Complaint.

### SECOND DEFENSE

On or about April 28, 2003, the Court in the matter captioned *In re Sun Health Care Group, Inc.*, Case No. 99-3657 (JKF) (Bankr. D. Del.), entered an Order titled STIPULATION AND ORDER RE RESOLUTION OF "MOTION OF THCI COMPANY, LLC TO ENFORCE STIPULATION AND ORDER FOR EMERGENCY RELIEF" [DOCKET NO. 8320]. Pursuant to that Order, claims asserted by the Plaintiff in this matter were fully and finally and extinguished, and are now barred by the principles of *res judicata*.

### THIRD DEFENSE

Plaintiff has already received payment with respect to claims for which it seeks relief under the Complaint.

**FOURTH DEFENSE**

Any amounts to which Plaintiff would otherwise be entitled under the allegations of the Complaint must be offset by amounts owed by Plaintiff to Park Marion pursuant to Plaintiff's unfulfilled obligations under the Operations Transfer Agreement that is the basis of the Plaintiff's complaint. Such offset amounts include, but are not limited to (1) sums mistakenly sent by third-party payers to, and retained by, Plaintiff with respect to services, supplies, and invoices properly attributable to Park Marion's operation of the facility; (2) amounts recouped by third party payers such as insurance carriers and governmental benefit programs against Park Marion or parties related to Park Marion but attributable to overpayments made to Plaintiff; and (3) losses to Park Marion resulting from Plaintiff's failure properly and timely to turn over property and equipment associated with the facility.

**FIFTH DEFENSE**

The amounts to which Plaintiff might otherwise be entitled under the allegations of the Complaint must be offset by amounts paid by or on behalf of Park Marion to third parties with respect to and for the continued maintenance and support of the nursing home facility and its patients, that were necessary for continuance of the facility's operations and that were required to be paid by Plaintiff, but that Plaintiff failed or refused to pay. The offsets identified in this Fifth Defense include, but are not limited to, payments made by or on behalf of Park Marion to employees, employee benefit plans, and governmental licensing and taxing authorities.

**SIXTH DEFENSE**

The Complaint fails to state a claim against Park Marion on which relief may be granted.

**SEVENTH DEFENSE**

Plaintiff's claims are barred by the principles of estoppel and unclean hands.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the principles of *laches*.

*WHEREFORE*, Park Marion prays that the Court enter judgment dismissing the Complaint in its entirety with prejudice and awarding to Park Marion and against the Plaintiff costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: May 25, 2004

        Park, Marion and Vernon Streets Operating Company, LLC,

        By its Attorneys

        _/s/ Anthony J. Cichello_
        Vincent J. Pisegna BBO #400560
        Anthony J. Cichello BBO #562826
        KROKIDAS & BLUESTEIN LLP
        600 Atlantic Avenue
        Boston, MA 02210
        (617) 482-7211

<u>Of Counsel</u>

Ronald L. Castle
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington DC 20036-5339
Tel: (202) 857-6000
Fax: (202) 857-6395

LDR/114649.4                9