# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-1461E

Mediplex Rehabilitation of Massachusetts, Inc. , Plaintiff(s)

v.

910 Saratoga and 16-20 Trident Streets, LLC and
910 Saratoga and 16-20 Trident Streets
Operating Company, LLC , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Richard P. O'Neil, Bodoff & Slavitt LLP plaintiff's attorney, whose address is 225 Friend St., Boston, MA 02114 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the Seventh day of April , in the year of our Lord two thousand four .

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — ((4) EQUITABLE RELIEF) — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPT.
                                                C.A. No.
                                                    04-1461 E

MEDIPLEX REHABILITATION OF    )
MASSACHUSETTS, INC.            )
    Plaintiff,                 )
                               )
v.                             )
                               )
910 SARATOGA AND 16-20 TRIDENT )
STREETS, LLC, and 910 SARATOGA AND )
16-20 TRIDENT STREETS OPERATING )
COMPANY, LLC,                  )
    Defendants.                )

RECEIVED
APR 06 2004
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## COMPLAINT

### Parties

1.  The plaintiff, Mediplex Rehabilitation of Massachusetts, Inc. ("Mediplex") is a Massachusetts corporation with a principal business address of 101 Sun Avenue, N.E., Albuquerque, New Mexico.

2.  The defendant, 910 Saratoga and 16-20 Trident Streets, LLC ("Saratoga LLC") is a Delaware limited liability company with a principal place of business at 411 Hackensack Avenue, 7th Floor, Hackensack, New Jersey. Saratoga LLC owns the real property located at 910 Saratoga and 16-20 Trident Streets in East Boston, Suffolk County, Massachusetts. Saratoga LLC's registered agent in the Commonwealth is National Corporate Research, LTD., 18 Tremont Street, Suite 146, Boston, Massachusetts 02108.

3. The defendant, 910 Saratoga and 16-20 Trident Streets Operating Company, LLC ("Saratoga Operating Company") is a Delaware limited liability company with a principal place of business at 411 Hackensack Avenue, 7th Floor, Hackensack, New Jersey. Saratoga Operating Company's registered agent in the Commonwealth is National Corporate Research, LTD., 18 Tremont Street, Suite 146, Boston, Massachusetts 02108.

Facts

4. On October 14, 1999 (the "Petition Date"), Mediplex, together with its parent company, Sun Healthcare Group, Inc. ("Sun Healthcare") and other direct and indirect subsidiaries of Sun Healthcare, commenced cases under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. As of the Petition Date, Mediplex owned the property located at 910 Saratoga and 16-20 Trident Streets in East Boston (the "East Boston Property"). Mediplex operated a long term care facility (the "Facility") at the East Boston Property.

6. Mediplex previously granted a mortgage (the "Mortgage") on the East Boston Property in favor of Meditrust Mortgage Investments, Inc. ("Meditrust").

7. Meditrust assigned the Mortgage to THCI Mortgage Holdings Company, LLC ("THCI Mortgage"), an affiliate of Saratoga LLC.

8. In the bankruptcy case, THCI Mortgage filed a motion for relief from the automatic stay or for adequate protection (the "Relief Motion") with respect to the East Boston Property, as well as other properties owned by Sun Healthcare and/or its subsidiaries and upon which THCI Mortgage held mortgages.

9.  On February 4, 2002, the Bankruptcy Court approved a supplemental stipulation (the "Supplemental Stipulation") between Sun Healthcare, and certain of its direct and indirect subsidiaries, including Mediplex, and THCI Mortgage and THCI Company, LLC. A true and correct copy of the Supplemental Stipulation is attached hereto as Exhibit A.

10. The Supplemental Stipulation was entered into, at least in part, to resolve THCI Mortgage's Relief Motion. With respect to the East Boston Property, the Supplemental Stipulation provided that Mediplex would surrender possession and title to the East Boston Property to THCI Mortgage and that THCI Mortgage had the right to secure such possession and title either by foreclosing on the Mortgage or by requesting that Mediplex execute a deed in lieu of foreclosure agreement.

11. On March 20, 2002, the Massachusetts Department of Public Health approved an application filed by Mediplex to temporarily discontinue operation of the Facility from March 15, 2002 through September 15, 2003. On or about April 5, 2002, Mediplex closed the Facility.

12. In accordance with the Supplemental Stipulation, on or about October 29, 2002, Mediplex entered into an agreement and release (the "Agreement and Release") with THCI Mortgage and Saratoga LLC. A true and correct copy of the Agreement and Release is attached hereto as Exhibit B.

13. Pursuant to the Agreement and Release, Mediplex agreed to convey the Property to Saratoga LLC in lieu of THCI Mortgage foreclosing on the Mortgage.

14. Paragraph 3 of the Agreement and Release provides that "the conveyance of the Property . . . in accordance with the terms of this Agreement are, and will be,

3

absolute conveyances of all of [Mediplex's] right, title and interest in and to the Property... and are not now and will not be intended as a mortgage, trust conveyance, deed of trust, equitable mortgage or security interest of any kind, and upon said conveyance [Mediplex] shall not have any further interest... or claims in or to any of the Property[.]"

15. Pursuant to paragraph 19 of the Agreement and Release, Mediplex and Saratoga Operating Company, an affiliate of Saratoga LLC, were to enter into a transfer agreement regarding the transfer and assignment of the right to reactivate, operate and transfer the Facility, the operation of which was temporarily discontinued by approval of the Massachusetts Department of Public Health, effective March 15, 2002.

16. In accordance with the Agreement and Release, on October 29, 2002, Mediplex executed a Deed In Lieu Of Foreclosure (the "Deed") conveying all of its right, title and interest in the Property to Saratoga LLC. A true and correct copy of the Deed is attached hereto as Exhibit C.

17. Also on October 29, 2002, Mediplex entered into a transfer agreement (the "Transfer Agreement") with Saratoga Operating Company, as contemplated in the Agreement and Release, transferring and assigning of Mediplex's right, title and interest in and to all licenses and permits owned by Mediplex in connection with the use and operation of the Facility. A true and correct copy of the Transfer Agreement is attached hereto as Exhibit D.

18. Consistent with the anticipated, absolute transfer of title to the East Boston Property, the Transfer Agreement contemplated that Saratoga Operating Company would be liable for all accounts payable, taxes, or other obligations incurred after the effective date of the Transfer Agreement, which was defined as the date of the closing on the

4

conveyance of the East Boston Property. The Deed conveying the East Boston Property was executed on October 29, 2002.

19. Additionally, paragraph 5 of the Agreement and Release contemplated "adjustments to be made post-Closing in favor of Mediplex for certain expenses related to the East Boston Property, including, but not limited to, security, utilities, property insurance and taxes, paid by Mediplex for the period from April 6, 2002 through the date of Closing [October 29, 2002]."

20. In 2002, Mediplex paid property insurance, utilities and security charges relating to the East Boston Property in the total amount of $76,384.45 for the benefit of Saratoga LLC and Saratoga Operating Company.

21. In 2003, subsequent to the conveyance of the East Boston Property to Saratoga LLC, Mediplex paid property taxes relating to the East Boston Property in the amount of $70,914.35 for the benefit of Saratoga LLC and Saratoga Operating Company.

## COUNT I
(Unjust Enrichment)

22. Mediplex repeats and realleges the preceding paragraphs as though fully set forth herein.

23. Mediplex paid property taxes, property insurance, utilities and security charges relating to the East Boston Property in the total amount of $147,298.80 for the benefit of Saratoga LLC and Saratoga Operating Company.

24. Mediplex made demand on Saratoga LLC and Saratoga Operating Company for payment of said amounts, but defendants have failed and refused to pay same.

25. Saratoga LLC and Saratoga Operating Company will be unjustly enriched, to the detriment of Mediplex, if they are not required to reimburse Mediplex for the same.

26. By virtue of the foregoing, Saratoga LLC and Saratoga Operating Company are liable to Mediplex in the amount of $147,298.80, plus interest and costs.

WHEREFORE, Mediplex prays that the Court:

A. Enter judgment in favor of Mediplex and against Saratoga LLC and Saratoga Operating Company in the amount of $147,298.80, plus interest and costs; and

B. Grant such further relief as the Court deems just and equitable.

MEDIPLEX OF MASSACHUSETTS, INC.
By its attorneys,

*/s/ Richard P. O'Neil*
Joseph S.U. Bodoff (549116)
Richard P. O'Neil (645214)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA 02114-1908
(617) 742-7300

Dated: April 6, 2004